IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SECURA INSURANCE COMPANIES,

    Plaintiff,

v.

THE HARTFORD FINANCIAL SERVICES GROUP, INC., SENTINEL INSURANCE COMPANY, LTD., AND UNIVERSAL JANITORIAL MAINTENANCE,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Secura Insurance Companies ("SECURA") by and through its attorneys, Lambdin & Chaney, LLP, for its Complaint and Jury Demand, states the following:

### I. JURISDICTION AND VENUE

1.    This action is brought by SECURA seeking recovery from the Defendants for amounts paid in connection with a civil action captioned as *Jenny Hejtmanek v. Dillon companies, Inc., Dillon Real Estate Col, Inc., Triad Service Solutions, Inc., and Universal Janitorial Maintenance*, filed in the District Court of Eagle County, State of Colorado, Case No. 2017CV30052 ("Underlying Action") which amounts should have been paid by the Defendants.

2.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because this is an action between citizens of different states and the amount in controversy exceeds the value of

$75,000, exclusive of interest and costs of suit.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1).

## II. THE PARTIES

4. Plaintiff SECURA is a Mutual Insurance Company operating in the State of Colorado and organized under the laws of the State of Wisconsin, with an address of 2401 South Memorial Drive, Appleton, Wisconsin 54912-0815.

5. Upon information and belief, Defendant The Hartford Financial Services Group, Inc. ("The Hartford") is a financial holding company for a group of insurance subsidiaries, including Sentinel Insurance Company, Ltd., incorporated in the State of Delaware, with its principal place of business in Hartford, Connecticut.

6. Upon information and belief, Sentinel Insurance Company, Ltd. ("Sentinel") is an insurance company incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut, and a wholly-owned subsidiary of The Hartford.

7. Upon information and belief, Universal Janitorial Maintenance ("Universal") is a Colorado corporation with its principal office at 2956 Xania Court, Denver, Colorado 80231.

8. Sentinel issued certain commercial general liability insurance policy(ies) naming Universal as the named insured **and** Triad Services Solutions, Inc. ("Triad") as an additional insured.

## III. GENERAL ALLEGATIONS

9. Plaintiff SECURA issued Policy No. 20-CP-003440216-5/001, in effect from

March 3, 2015 to March 3, 2016 to Triad Service Solutions and Bondi Holdings, LLC as the named insureds, written to provide Commercial General Liability Coverage, subject to such policy's terms and conditions ("SECURA Policy").

10. Upon information and belief, Sentinel issued Policy No. 344SBAPQ0576, effective from May 20, 2015 to May 20, 2016, to Universal Janitorial Maintenance, Inc. as the named insured, written to provide Commercial General Liability Coverage, subject to such policies' terms and conditions (collectively "Sentinel Policy").

11. Upon information and belief, Triad is named as an additional insured under the Sentinel Policy.

12. On or about February 15, 2017, Jenny Hejtmanek ("Claimant") filed the Underling Action against Dillon Companies, Inc. d/b/a City Market and Dillon Real Estate Company, Inc. (collectively "Dillon entities") for injuries she sustained as a result of a slip and fall at the City Market in Avon, Colorado on May 22, 2015 ("Incident"). Thereafter, a First Amended Complaint was filed adding Triad and Universal as a Defendants.

13. The First Amended Complaint in the Underlying Action alleged in pertinent part as follows:

> 9. Upon information and belief, Defendant Dillon Companies is the owner and operator of the grocery store called "City Market" located on the Property.
>
> 10. Upon information and belief, on or about May 22, 2015, Defendants Triad and Universal were contractually obligated to provide floor maintenance services to the floors of City Market in Avon, Colorado.

  11. On or about May 22, 2015, Plaintiff visited City Market as a customer with the purpose of buying grocery items held out for sale by Dillon Companies.

  12. As Plaintiff walked towards an item to pick up for purchase, she stepped into a large pool of water (or wet water-like substance) and immediately slipped and fell to the floor.

  13. As a direct and proximate result of the fall, Plaintiff suffered substantial and extensive injuries to her body.

  14. Upon information and belief, Triad and Universal provided floor maintenance services to the floors of City Market in Avon, Colorado on the same day as Plaintiff's fall and prior to Plaintiff's fall.

14. The First Amended Complaint in the Underlying Action further alleged in pertinent part as follows:

  33. Defendants Triad and Universal breached the duty of care owed to Plaintiff by:

    (a) Failing to maintain or adequately maintain the floor surface, thus creating a dangerous condition to the public, including Plaintiff.
    (b) Failing to warn Plaintiff of the danger.

    (c) Failing to take reasonable protective measures to prevent the danger or remedy the danger prior to Plaintiff's fall.
    (d) Negligently causing Plaintiff's fall.

  34. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries including but not limited to:

    1. Closed head injury

    2. Left occiput exterior head injury

>   3. Right Wrist – navicular scaphoid fracture of wrist and contusion of wrist along with tenderness, swelling and bruising over navicular
>
>   4. Left Arm - rotator cuff tear, lesion of left shoulder, and tearing of bicep ligaments 5. Bruising of Right Hand and Right Elbow
>
>   6. Bilateral arm pain.
>
>   35. As a direct and proximate result of the Defendants' acts, omissions and violations, Plaintiff Jenny Hejtmanek suffered damages and losses, including but not limited to, medical expenses, loss of wages, pain and suffering, inconvenience, emotional distress, impairment of quality of life, inability to engage in normal activities, and permanent physical impairment and disfigurement.

15. The First Amended Complaint in the Underlying Action alleged claims for premises liability against the Dillon Entities and negligence against Triad and Universal.

16. Triad entered into a subcontract agreement for cleaning and maintenance services with Universal, dated April 1, 2013 ("Subcontract"), which was in effect on the date of the Incident which is the subject of the Underlying Action.

17. The Subcontract refers to Triad as the "Company" and Universal as the "Subcontractor." Pertinent here, the Subcontract provides:

> \* \* \*
>
> 13. **Insurance.** Subcontractor shall maintain in force a commercial general liability, workers' compensation and employers' liability insurance policy having a minimum limit of liability of at least one/two million dollars ($1,000,000/$2,000000) per occurrence for bodily injury (including death) and/or damage to property. Sub contractors agree in writing to defend indemnify and hold harmless the Company and it's [sic] affiliates, subsidiaries, directors, officers, employees, agents, and their representatives from and

>   against all claims, damages, losses and expenses attributable to, resulting from, or arising out of the independent contractor's or subcontractor's operations performed for the Company, caused in whole or in part by any act or omission of the independent contractor or subcontractor or any one directly or indirectly employed by any of them or anyone for whose acts of them may be liable, regardless of whether or not it is caused in part by the Company.  Such policy shall be endorsed naming both Company and Company's customer as additional insured parties and shall provide that it cannot be canceled or amended except upon 30 days notice to Company.  Subcontractor shall provide Company with a certificate of insurance evidencing compliance with this Section, prior to commencing services, upon any change in or cancellation by the Subcontractor's insurance provider, and otherwise upon Company's request.  Company shall have the right to withhold payment to Subcontractor for services performed by Subcontractor for any period of time unless and until Subcontractor provides Company with a certificate of insurance evidencing compliance with this Section for such period of time.  (Addendum B)
>
> 14. **Indemnity.** Subcontractor agrees to indemnify and hold Company harmless from any and all losses, damages, suits, penalties, costs and liabilities (including attorneys fees) incurred by Company that arise out of the performance of the services described in Exhibit A, die [sic], failure to perform such services, or any breach of this Subcontract by Subcontract or any of its personnel.

\* \* \*

18. Among the properties at which Universal was to provide its services was the Avon City Market referenced in the Underlying Action.

19. The Dillon Entities, as well as The Kroger Company ("Kroger"), are Triad's customers under of the Subcontract.

20. Pursuant to the Subcontract, Universal provided Triad with a "Certificate of Liability Insurance" which provides that the "Certificate Holder" is named as an additional

insured to Universal's liability policy. The Certificate of Liability Insurance lists Triad as the Certificate Holder.

21. Upon information and belief, Blue Sky Insurance Services, LLC, the agent for both Triad and Universal, tendered the claim arising out of the Incident to Sentinel and The Hartford on December 14, 2016.

22. Upon information and belief, the Sentinel and The Hartford assigned claim number Y53 L 3557 to the Incident on or about December 14, 2016.

23. Upon information and belief, counsel for the Claimant, Kristin McKnight, discussed the Incident with Kristina Goers at Sentinel or The Hartford via telephone on or about January 12, 2017.

24. Upon information and belief, Kristina Goers called attorney Kristin McKnight on February 23, 2017 and advised that Universal was the correct janitorial company involved in the Incident.

25. Upon information and belief, on February 23, 2017, Kristina Goers again spoke with attorney Kristin McKnight, who advised that the Claimant was willing to settle her claims for less than her alleged damages.

26. Upon information and belief, during the same call on February 23, 2017, Kristina Goers advised attorney Kristin McKnight that her client's claim would be reassigned to the litigation department of the Sentinel and/or The Hartford.

27. Upon information and belief, on February 23, 2017, attorney Kristin McKnight

agreed to send a courtesy copy of the Underlying Action to Sentinel and/or The Hartford via electronic mail.

28. Upon information and belief, Julie Dengler and attorney Kristin McKnight exchanged voice mail messages on April 7, 2017 and April 20, 2017.

29. Upon information and belief, despite having knowledge of the Incident and the Underlying Action, Sentinel and The Hartford took no action on the claim between the dates of February 24, 2017 and January 11, 2018, other than the voice mail exchanges with attorney Kristin McKnight in April, 2017.

30. Upon information and belief, Sentinel and/or The Hartford neither accepted nor denied Triad's tender.

31. Upon information and belief, Sentinel and/or The Hartford never responded to Triad's tender.

32. Upon information and belief, Sentinel and/or The Hartford did not provide a defense to Universal or Triad in connection with the Underlying Action.

33. Default judgment was entered against Triad and Universal in the Underlying Action in the amount of $689,090.39, plus interest and costs, on June 8, 2017.

34. SECURA did not receive notice of the Incident or the Underlying Action until January 5, 2018, when Triad advised that the Claimant initiated garnishment proceedings to satisfy the default judgment.

35. On or about January 10, 2018, SECURA contacted Julie Dengler at Sentinel and

The Hartford to request that Sentinel and The Hartford contribute toward payment of the default judgment because Triad qualifies as an additional insured under the Sentinel Policy issued to Universal.

36. SECURA sent a written letter to Sentinel and The Hartford on January 18, 2018, demanding that Sentinel and The Hartford contribute toward satisfaction of the default judgment and claims arising out of the Underlying Action.

37. Despite having notice of the Underlying Action and despite their indemnity obligation to Triad, Sentinel and The Hartford unreasonably refused to make any payments to resolve the claims against Triad arising out of the Underlying Action or otherwise satisfy the default judgment.

38. As of the date of the filing of this Complaint, Sentinel and/or The Hartford have not responded to SECURA's January 18, 2018 demand.

39. SECURA made payments in the total amount of $696,932.24 to satisfy the judgment against Triad and resolve indemnity claims of the Dillon Entities and Kroger against Triad and SECURA arising out of the Underlying Action.

40. SECURA entered into a Settlement Agreement, Release and Assignment with Triad as consideration of the payments totaling $696,932.24.

41. SECURA received an assignment from Triad to pursue The Hartford, Sentinel, and Universal, including all rights to bring claims or suits in contract, tort, equity, bad faith, or any other basis whatsoever, to recover from The Hartford, Sentinel, and Universal or to pay for

any other damage or loss arising out of the Underlying Action and default judgment entered therein, including extra contractual claims.

42. The SECURA Policy also includes a **Transfer Of Rights Of Recovery Against Others** provision which contractually transfers Triad's rights to SECURA to recover damages from another, i.e., subrogation rights.

43. Pursuant to its assignment, SECURA has first-party rights against Sentinel, The Hartford and Universal. SECURA is also contractually and/or equitably subrogated to recover the payments.

44. Pursuant to *Kyle W. Larson Enters. v. Allstate Ins. Co.*, 305 P.3d 409 (Colo. App. 2012), SECURA is authorized to assert on behalf of Triad, an entitlement to benefits owed under the Sentinel Policy under C.R.S. § 10-3-1115.

## IV.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF- BREACH OF CONTRACT
### (against Sentinel and The Hartford)

45. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 44 above.

46. The Sentinel Policy requires Sentinel to pay sums that an insured, including an additional insured, becomes legally obligated to pay as damages because of bodily injury caused by an occurrence during the policy period and to defend any suit seeking such damages.

47. Defendants Sentinel and The Hartford wrongfully and unreasonably denied Triad a defense and indemnity in connection with the Underlying Action.

48. Defendants Sentinel and/or The Hartford breached their contractual obligations.

49. As a direct and proximate cause of the Defendants' breach of contract, Plaintiff SECURA suffered damages and losses, including loss adjustment expenses, attorney fees, costs, and claim payments.

## SECOND CLAIM FOR RELIEF - BREACH OF CONTRACT
**(against Universal)**

50. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 49 above.

51. The Subcontract required Universal to maintain commercial general liability insurance, defend and indemnity Triad for damages, losses and expenses arising out of Universal's operations, and to name Triad, the Dillon Entities and Kroger as additional insureds to its commercial general liability insurance policy.

52. Universal failed to defend and indemnify Triad against the Underlying Action.

53. Universal breached its contractual obligations to Triad.

54. As a direct and proximate cause of the Universal's breach of contract, Plaintiff SECURA suffered damages and losses, including loss adjustment expenses, attorney fees, costs, and claim payments.

## THIRD CLAIM FOR RELIEF -BAD FAITH BREACH OF CONTRACT
**(Against Sentinel and The Hartford)**

55. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 54 above.

56. Sentinel and The Hartford owed Triad a duty of good faith and fair dealing.

57. Sentinel and The Hartford breached their duty of good faith and fair dealing by, among other things, wrongfully and unreasonably failing to respond to Triad's tender, wrongfully and unreasonably denying a defense and indemnity to Triad in connection with the Underlying Action, wrongfully and unreasonably failing to conduct an adequate investigation, wrongfully and unreasonably failing to settle claims when liability was clear, and compelling litigation to recover amounts due under the Sentinel Policy.

58. The behavior of Sentinel and The Hartford is in violation of C.R.S. § 10-3-1104.

59. As a direct and proximate cause of the Sentinel and The Hartford's bad faith breach of their insurance contract, SECURA suffered actual and compensatory damages and losses, including loss adjustment expenses, attorney fees, costs, and claim payments.

### THIRD CLAIM FOR RELIEF – DAMAGES PURSUANT TO C.R.S. §§ 10-3-1115 - 10-3-1116
**(against Sentinel and The Hartford)**

60. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 59 above.

61. Pursuant to C.R.S. § 10-3-1115, Sentinel and The Hartford shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

62. C.R.S. § 10-3-1116 provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees, court costs, and two times the covered benefit."

63. Sentinel and The Hartford have unreasonably denied or delayed payment of a

claim for benefits owed to or on behalf of a first-party claimant.

64. Pursuant to its subrogation and assigned rights, SECURA is a first-party claimant asserting an entitlement to benefits owed on behalf of Triad.

65. SECURA is therefore entitled to recover from Sentinel and The Hartford its attorney fees, costs and two times the covered benefits.

### FOURTH CLAIM FOR RELIEF - EQUITABLE CONTRIBUTION
**(against Sentinel and The Hartford)**

66. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 65 above.

67. SECURA paid for all damages and the judgment entered against Triad in the Underlying Action in the amount $696,932.24.

68. SECURA is entitled to contribution from Defendants Sentinel and The Hartford for these payments in addition to loss adjustment expenses, attorney fees and costs.

### FIFTH CLAIM FOR RELIEF - CONTRACTUAL SUBROGATION
**(against All Defendants)**

69. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 68 above.

70. The SECURA Policy contains a contractual subrogation provision.

71. Because SECURA has paid indemnity, attorney's fees, costs and expenses in the arising out of the claims Triad in the Underlying Action, it is contractually entitled to recover such payments from the Defendants.

72. By virtue of the subrogation provision in the SECURA Policy and Triad's assignment, Plaintiff is subrogated to Triad's claims and rights against the Defendants.

73. The Defendants had a duty defend and indemnify Triad against the claims asserted in the Underlying Action and pursuant to Plaintiff's contractual subrogation rights, Plaintiff is entitled to recoup the attorney's fees, costs and expenses which should have been paid and are owing from the Defendants.

## SIXTH CLAIM FOR RELIEF- UNJUST ENRICHMENT
### (against All Defendants)

74. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 73 above.

75. Plaintiff has contributed to the payment of indemnity for claims arising out of and the default judgment entered in the Underlying Action.

76. The Defendants had an obligation to pay the claims arising out of and the default judgment entered in the Underlying Action.

77. Plaintiff has conferred a benefit on the Defendants, which benefit was appreciated by them and was accepted by them under circumstances that it would be inequitable for the benefit to be retained without payment of its value.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff SECURA demands judgment in its favor and against Defendants in the amount established by the evidence, including but not limited to the following:

(a) All actual, compensatory and special damages allowed by law;

(b)   Statutory damages pursuant to C.R.S. § 10-3-1116;

(c)   All attorneys' fees and costs allowed by law;

(d)   All pre- and post-judgment interest as allowed by law;

(e)   All other legal and equitable relief allowed by law, and which the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 20th day of March, 2018.

Respectfully submitted,

LAMBDIN & CHANEY, LLP

By: *Melissa A. Wiese*
Melissa A. Wiese, Esq.
4949 S. Syracuse Street, Suite 600
Denver, Colorado 80237
Telephone: (303) 799-8889
Facsimile: (303) 799-3700
Email: mwiese@lclaw.net
*Attorneys for Plaintiff*